## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| **DENNIS COREY BURGHER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:14-CV-00266 |
| | ) |
| **JOHN DOE, et al.,** | ) |
| | ) |
| Defendants. | ) |

### OPINION and ORDER

Before the Court is a motion by *pro se* Plaintiff Dennis Burgher (Docket # 3), who is currently incarcerated, asking that the Court recruit counsel for him in this 42 U.S.C. § 1983 action alleging various civil rights violations by Defendants during his incarceration in the Grant County Jail in 2012. "When a pro se litigant submits a request for court-appointed counsel, the district court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2010)).

Although Burgher says that he has "made repeated efforts to obtain a lawyer," he does not provide any specifics about these attempts that would allow the Court to assess the reasonableness of his efforts. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) ("If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."); *see also Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008); *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004).

Furthermore, Burgher's request for counsel is premature. The complaint has not yet been screened pursuant to 28 U.S.C. § 1915A(a), and Defendants have not appeared and filed an answer. Thus, "the case [is] still in its infancy, thereby making it impossible at th[is] juncture to make any accurate determination regarding [Burgher's] abilities or the outcome of the lawsuit."[1] *Romanelli*, 615 F.3d at 852; *see also Mungiovi v. Chicago Housing Auth.*, No. 94 C 6663, 1994 WL 735413, at *2 (N.D. Ill. Dec. 19, 1994) ("The court's general practice is to consider appointment of counsel if and when it appears that the action has sufficient merit to require complex discovery or an evidentiary hearing.").

Therefore, Burgher's request that the Court recruit counsel for him (Docket # 3) is DENIED without prejudice.

SO ORDERED.

Enter for this 16th day of December 2014.

s/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[1] Of course, Burgher's statement that he has made "repeated efforts to obtain a lawyer but . . . no one is willing to take on this case without payment" (Mot. for Appointment of Counsel ¶ 4) is an indication that his case may have little merit and that appointing counsel will not make a difference in the case's ultimate outcome. *See Cnty. of McLean*, 953 F.2d at 1073 (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).